UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Chapter 11

    Outpost Pines LLC,                                     Case no. 23-70617 (REG)

                              Debtor.
----------------------------------------------------------x

## CONFIRMATION ORDER
## and ADMINISTRATIVE CLAIMS BAR ORDER

Upon the application (the "Application") of Outpost Pines LLC (the "Debtor") for an order confirming the Debtor's amended plan of reorganization filed September 29, 2023 ("Plan," docket no. 72) [1] and upon the Debtor's disclosure statement filed on March 1, 2023 ("Disclosure Statement," docket no. 23), and upon the order of this Court entered on April 6, 2023 approving the Disclosure Statement ("Order," docket no. 32), and the Disclosure Statement having been transmitted to creditors, equity security holders, and other parties in interest, and upon the Declaration in Support of Plan Confirmation of Patrick J. McAteer filed on July 7, 2023 (docket no. 58), and upon the certification of ballots filed on July 7, 2023 (docket no. 59) and upon the hearings held before this Court on July 10, 2023, September 18, 2023 and October 23, 2023 (the collectively, the "Confirmation Hearing"), and upon the motion to amend the Plan ("Motion to Amend") filed on September 29, 2023, and the Court having found the Plan amendments set forth in the Motion to Amend do not adversely affect the Debtor's Creditors, and based on the entire record of this case, and any objections to the Plan having been resolved and/or overruled by the Court and the Court having found: that the Plan satisfies the requirements for confirmation under 11 U.S.C. Section 1129(a); it is

---

[1] Capitalized terms, unless otherwise defined herein, shall have the meaning set forth in the Plan.

ORDERED, that pursuant to Sections 1129 and 1141 of the Bankruptcy Code, the Plan be, and it hereby is, confirmed; and it is further

ORDERED, that the settlement agreement ("Settlement Agreement") attached as Exhibit A to the Plan, and all transactions contemplated therein, are approved and shall be in full force and effect and valid, binding, and enforceable immediately in accordance with its terms without further notice to or action, order, or approval of this Court or other act or action under applicable laws; and it is further

ORDERED, that pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer or mortgage in connection with or in furtherance of the Plan, (including any instrument executed in furtherance of the transactions contemplated by the Plan), shall not be taxed under any law imposing a stamp tax or similar tax; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, including, but not limited to any recordable instrument of transfer or mortgage on the Properties, any transfer of any asset pursuant to or in furtherance of the Plan and any other related instruments contemplated under the Plan (collectively, the "Transfer Documents") presented by the Debtor or its agents without the payment of any tax within the purview of Section 1146(a) of the Bankruptcy Code, and notices of satisfaction, release or

discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that the Debtor shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, *e*xcept as otherwise provided in the Plan and/or this Order, the rights afforded in the Plan shall be in exchange for and in complete satisfaction and release of all Claims of any nature whatsoever, including any interest accrued thereon from and after the Petition Date, against the Debtor, its estate, or any of its assets or properties to the extent permissible under 11 U.S.C. §§524 and 1141; and it is further

ORDERED, the Debtor, its respective equity holders, directors, officers, employees, attorneys, financial advisors, investment bankers and other professionals have acted in good faith in connection with the Plan, this Chapter 11 Case, and the formulation and consummation of the Plan, and accordingly, has satisfied Section1125(e) of the Bankruptcy Code; and it is further

ORDERED, that except as otherwise expressly provided in the Plan, the Settlement Agreement and/or any other Order of this Court, all persons or entities who have held, hold or may hold Claims against or Interests in the Debtor, along with their respective present and former employees, agents, officers, directors, principals and affiliates, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against the Debtor's assets and/or properties with respect to such Claim or Interest (other than actions brought to enforce any rights or obligations under the Plan):

    a) commencing or continuing in any manner any action or other proceeding of any kind,

      b) enforcing, attaching, collecting or recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order,

      c) creating, perfecting, or enforcing, in any manner, directly or indirectly, any encumbrance of any kind,

      d) asserting any right of setoff, subrogation or recoupment of any kind, or

      e) pursuing any Claim released pursuant to the Plan;

and it is further

      ORDERED, that except as otherwise provided in the Plan, such injunction shall extend to any successors of the Debtor, and their respective properties and interests in properties. Additionally, upon the entry of this Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates are hereby enjoined (from taking any actions other than by or in connection with an appeal of this Confirmation Order) to interfere with the implementation or consummation of the Plan. Unless otherwise provided in the Plan, this Confirmation Order, or a separate order of the Court, all injunctions or stays arising under or entered during the Chapter 11 cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the date of this Confirmation Order shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay; provided, however, that on the Effective Date, the stay shall be replaced to the extent provided in this Confirmation Order, with an injunction set forth in the Plan and/or Sections 524 and 1141 of the Bankruptcy Code; and it is further

      ORDERED, that unless otherwise ordered by the Bankruptcy Court, requests for payment of Administrative Claims (except for Professional Fee Claims) must be filed and served

on counsel for the Debtor by no later than December 8, 2023 (the "Administrative Claims Bar Date") and the Debtor shall serve a notice of Administrative Claims Bar Date on all parties in interest substantially in the form annexed hereto by no later than November 6, 2023. Any Person that is required to file and serve a request for payment of an Administrative Claim and fails to timely file and serve such request shall be forever barred, estopped, and enjoined from asserting such Claim or participating in distributions under the Plan on account thereof. Objections to requests for payment of Administrative Claims (except for Professional Fee Claims and Administrative Claims incurred in the ordinary course of the Debtor's business) must be filed and served on counsel for the Debtor and the party requesting payment of an Administrative Claim within thirty (30) days of the date such request for payment has been filed; and it is further

ORDERED, that the Debtor shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Debtor shall serve and file a Notice of the Effective Date; and it is further

ORDERED, that the Debtor shall file Post Confirmation Reports using UST Form 11-PCR with the Court on a quarterly basis every January 20th, April 20th, July 20th, and October 20th until a final decree has been entered closing the Debtor's chapter 11 case has been entered on the docket, or an order dismissing the Debtor's chapter 11 case or converting the Debtor's chapter 11 case to one under chapter 7 of the Bankruptcy Code is entered on the docket; and it is further

ORDERED, that the Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable

interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan and the Settlement Agreement; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e).



Dated: Central Islip, New York
October 31, 2023

_____
Robert E. Grossman
United States Bankruptcy Judge