UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                                    Chapter 11

    Outpost Pines LLC                                             Case no.  23-70617 (REG)

                              Debtor.
-----------------------------------------------------------x

**Notice Of Deadline Requiring Filing Of Administrative Proofs Of Claim On Or Before _____, 2023**

**To All Persons And Entities With Administrative Claims Against Outpost Pines LLC**

        The United States Bankruptcy Court for the Eastern District of New York has entered an Order establishing _____, 2023 at 5:00 p.m. Eastern Time (the "Administrative Claims Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against the debtor listed above (the "Debtor").

        The Administrative Claims Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose after February 23, 2023, the date on which the Debtor commenced its case under Chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Administrative Claims Bar Date filing requirement.

1. WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to share in any potential distribution from the Debtor's bankruptcy as a holder of an Administrative Claim, if your Administrative Claim is not one of the types of claim described in Section 4 below. Claims for administrative expenses are specifically described in sections 503 and 507 of the Bankruptcy Code. Among other things, these sections provide that certain types of claims are entitled to administrative expense priority, including, without limitation: (i) the actual, necessary costs and expenses of preserving the estates, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy cases; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain professionals or officers; (iv) the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holders, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; or (v) compensation for services rendered by an indenture trustee. Claims based on acts or omissions of the Debtor that occurred during the Chapter 11 Period must be filed on or prior to the Administrative Claims Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain during the Chapter 11 Period.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance

if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. WHAT TO FILE

Proof of claim forms may be obtained at www.uscourts.gov/bkforms. All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant and must conform substantially to Form No. 10 of the Official Bankruptcy Forms. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Claimants may also file a proof of their assertion of an Administrative Claim on the electronic docket of the Debtor's bankruptcy case in the customary form for notice of such Administrative Claim, but no later than the Administrative Claims Bar Date, such professional must file an application for payment that complies with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules and the Fee Guidelines promulgated by the United States Trustee by the Administrative Claims Bar Date together with a notice hearing on such application.

3. WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of Administrative Claim must be filed so as to be received on or before _____, 2023 at 5:00 p.m. Eastern Time at the following address: Clerk of Court, United States Bankruptcy Court, Federal Plaza, Central Islip, New York 11722, or entered electronically on the Court's electronic docket for the Debtor's

case. Attorneys (with full access) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, Federal Plaza, Central Islip, New York 11722.

Proofs of Administrative Claim will be deemed filed only when received by the Bankruptcy Court or entered on the Court's electronic docket for the Debtor's case on or before the Administrative Claims Bar Date. Proofs of Administrative Claims may not be delivered by facsimile, telecopy or electronic mail transmission.

4. WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or prior to the Bar Date if you are:

(a) A person or entity that has already filed a proof of Administrative Claim; against the Debtor in the form and manner set forth in this notice;

(b) A holder of an Administrative Claim that has previously been allowed by order of the Court;

(c) A holder of an Administrative Claim that has been paid in full by the Debtor; or

(d) A holder of an Administrative Claim for which a specific deadline   has previously been fixed by this Court.

This Notice is being sent to many  persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid Administrative Claim against the Debtor. The fact that you have received this Notice does not

mean that you have a claim or that the Trustee, the Debtor or the Court believes that you have an Administrative Claim against the Debtor.

Any person or entity that holds an Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of the Administrative Claims Bar Date Order, must file a proof of such Administrative Claim based on such rejection on or before the Administrative Claims Bar Date, and any person or entity that holds an Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of the Administrative Claims Bar Date Order, must file a proof of such Administrative Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

Holders of equity security interests in the Debtor need not file proof of interest with respect to the ownership of such equity interests, <u>provided</u>, <u>however</u>, that if any such holder asserts an Administrative Claim against the Debtor (including a Chapter 11 Claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such Administrative Claim must be filed on or prior to the Administrative Claims Bar Date pursuant to the procedures set forth herein.

5. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE ADMINISTRATIVE CLAIMS BAR DATE

ANY HOLDER OF AN ADMINISTRATIVE CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE AN ADMINISTRATIVE

PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS ESTATE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.

Dated: New York, New York
_____, 2023

BY ORDER OF THE COURT

Backenroth Frankel & Krinsky, LLP,
488 Madison Avenue
New York, New York 10022
(212) 593-1100
Attn: Mark Frankel